NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 20-1218

ROBERT D. SCHLAYBACH, Individually and as the Administrator
of the Estate of Katherine E. Schlaybach, Deceased,
Appellant

v.

BERKS HEIM NURSING & REHABILITATION; COUNTY OF BERKS;
COUNTY OF BERKS, BERKS HEIM NURSING & REHABILITATION;
TERRENCE J. BRENNAN

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-19-cv-03044)
District Judge: Honorable Joseph F. Leeson, Jr.

Submitted under Third Circuit LAR 34.1(a)
On September 25, 2020

Before: AMBRO, PORTER and ROTH, Circuit Judges

(Opinion filed: March 18, 2021)

OPINION[*]

ROTH, Circuit Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Robert Schlaybach appeals the District Court's dismissal of his action against Berks County, Berks Heim Nursing & Rehabilitation, and Terrance J. Brennan (collectively BHNR). We will affirm.

## I[1]

In April 2017, Robert's mother, Katherine Schlaybach, was admitted to BHNR, a nursing facility operated by Berks County and administered by Brennan. Katherine suffered from Alzheimer's Disease, dementia, and ambulatory dysfunction; she required assistance to stand and walk. In June 2017, Katherine became increasingly restless and attempted to stand from her wheelchair without assistance.[2] Robert provides no details about the earlier attempts but alleges that attempts on July 3 and 5 were noted in BHNR's records.[3] On July 6, Katherine again attempted to stand, fell, and broke her hip.[4] BHNR staff observed her overnight but did not seek further medical attention until she was taken to a hospital at 10:00 a.m. the next morning. Three days later, she died.

Robert brought this action in the Pennsylvania Court of Common Pleas on behalf of himself and Katherine's estate. BHNR removed it to the U.S. District Court for the Eastern District of Pennsylvania. Robert alleges violations of Katherine's rights under the Federal Nursing Home Reform Act (FNHRA), claiming that BHNR failed to properly train its employees. He also alleged state negligence and wrongful death claims. The

---

[1] We discuss the facts and proceedings only to the extent necessary for resolution of this case.
[2] App'x 6–7.
[3] *Id.* at 7
[4] *Id.*

2

District Court dismissed his complaint under Rule 12(b)(6), holding that BHNR is a municipal entity immune from state tort liability under Pennsylvania's Political Subdivision Tort Claims Act[5] and that Robert failed to allege facts showing that BHNR had a policy or practice of inadequately training its employees, as required to establish municipal liability under 42 U.S.C. § 1983 and *Monell v. Department of Social Services of New York*.[6]

## II[7]

We exercise plenary review over the District Court's decision.[8] "To establish § [Katherine] was deprived of rights, privileges, or immunities secured by the Constitution and laws, and, second, that the deprivation of those rights was caused by an official government policy or custom."[9] Here, Robert "must identify a municipal policy or custom that amounts to deliberate indifference to the rights of" nursing home residents.[10] In most cases, deliberate indifference requires the plaintiff to allege a pattern of similar past conduct.[11]

Robert has not pleaded facts supporting a policy or custom with respect to Katherine's post-fall care. He has not alleged that BHNR has a history of providing

---

[5] Robert does not argue on appeal that the dismissal of the state tort law claims was improper.

[6] 436 U.S. 658 (1978).

[7] The District Court had jurisdiction under 28 U.S.C. §§ 1331and 1343(a)(4). We have jurisdiction under 28 U.S.C. § 1292.

[8] *Grammer v. John J. Kane Reg'l Centers-Glen Hazel*, 570 F.3d 520, 523 (3d Cir. 2009).

[9] *Galarza v. Szalczyk*, 745 F.3d 634, 639 (3d Cir. 2014).

[10] *Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004).

[11] *Id.*

inadequate care to residents after they fall or was otherwise indifferent to their post-fall medical needs.

Robert has also failed to show that BHNR deliberately disregarded residents' FNHRA rights in relation to Katherine's pre-fall care. Robert alleges that Katherine's injuries were caused by BHNR's custom of failing to train its staff to install monitoring devices or properly supervise immobile residents who have a risk of falling without such safety measures. These allegations are not, however, supported by evidence of any past pattern of failure to provide fall prevention training to BHNR employees. To establish a pattern, he relies solely on BHNR staff's care of Katherine on July 3 through 6. Such a showing may be relevant to a tort law claim against BHNR personnel but is inadequate to demonstrate supervisor liability under *Monell*. For this reason, Robert's *Monell* claims fail.

### III

As set forth above, we will affirm the District Court's order, dismissing Robert's complaint.